11-5098, 11-5334
*Carrion v. Agfa Construction, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: May 7, 2013)                    Decided: June 13, 2013)

Docket Nos. 11-5098,* 11-5334

---

JOSÉ E. CARRION,

*Plaintiff-Appellant,*

v.

AGFA CONSTRUCTION, INC.,

*Defendant-Appellee.*†

---

Before: CABRANES, WESLEY, and WALLACE,‡ Circuit Judges.

In this appeal, plaintiff-appellant José E. Carrion questions the continued vitality of our

holding in *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003), where we concluded that the

Davis-Bacon Act ("Davis-Bacon" or "the Act"), 40 U.S.C. §§ 3141-3148, bars third-party private

contract actions, brought under state law, aimed at enforcing the Act's prevailing wage schedules,

---

* The initial appeal brought by Agfa Construction, Inc., No. 11-5098, was closed administratively on April 18, 2012, pursuant to an order filed March 21, 2012. We list both docket numbers here for clarity.

† The Clerk of Court is directed to amend the official caption for Carrion's appeal, No. 11-5334, to conform to the listing of the parties above.

‡ The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

because such "claims are clearly an impermissible 'end run' around the [Act]." *Grochowski*, 318 F.3d at 86. Carrion brought this suit in the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*) against his sometime employer, defendant-appellee Agfa Construction, Inc. ("Agfa"), claiming that Agfa (1) discriminated against him in violation of 42 U.S.C. § 1981 ("§ 1981") and various state laws by giving more work opportunities and more pay to "Asian Indian" employees; and (2) did not pay him the prevailing wage as required by the Davis-Bacon Act. After trial, a jury delivered a verdict partially in favor of Carrion, awarding $1 in nominal damages and $5,000 in punitive damages to him for his discrimination claims.

Carrion now appeals from the amended judgment of the District Court, claiming that the District Court erred in certain pre- and post-trial orders. Specifically, Carrion contends that the District Court erred in (1) dismissing his prevailing wage (Davis-Bacon) claim; (2) denying him relief for the § 1981 discrimination claim in the form of punitive damages; and (3) denying his motion for a new trial with respect to damages on his discrimination claim. *Grochowski* remains the controlling law of this Circuit, and we therefore hold that the District Court did not err in dismissing Carrion's prevailing wage claim. We also conclude that the District Court did not err in denying Carrion punitive damages or in denying his motion for a new trial with respect to damages.

Affirmed.

MICHAEL G. O'NEILL, New York, NY, *for Plaintiff-Appellant.*

JOSEPH M. LABUDA, Milman Labuda Law Group PLLC, Lake Success, NY, *for Defendant-Appellee.*

2

JOSÉ A. CABRANES, *Circuit Judge*:

In this appeal, plaintiff-appellant José E. Carrion questions the continued vitality of our holding in *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003), where we concluded that the Davis-Bacon Act ("Davis-Bacon" or "the Act"), 40 U.S.C. §§ 3141-3148,[1] bars third-party private contract actions, brought under state law, aimed at enforcing the Act's prevailing wage schedules, because such "claims are clearly an impermissible 'end run' around the [Act]." *Grochowski*, 318 F.3d at 86. Carrion brought this suit in the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*) against his sometime employer, defendant-appellee Agfa Construction, Inc. ("Agfa"), claiming that Agfa (1) discriminated against him in violation of 42 U.S.C. § 1981 ("§ 1981") and various state laws by giving more work opportunities and more pay to "Asian Indian" employees; and (2) did not pay him the prevailing wage as required by the Davis-Bacon Act.[2] After trial, a jury delivered a verdict partially in favor of Carrion, awarding $1 in nominal damages and $5,000 in punitive damages to him for his discrimination claims.

Carrion now appeals from the amended judgment of the District Court, claiming that the District Court erred in certain pre- and post-trial orders. Specifically, Carrion contends that the District Court erred in (1) dismissing his prevailing wage (Davis-Bacon) claim; (2) denying him punitive damages for his § 1981 discrimination claim; and (3) denying his motion for a new trial with respect to damages on his discrimination claim. *Grochowski* remains the controlling law of this Circuit, and we therefore hold that the District Court did not err in dismissing Carrion's prevailing wage claim. We also conclude that the District Court did not err in denying Carrion punitive damages or in denying his motion for a new trial with respect to damages.

---

[1] The Davis-Bacon Act was originally codified at 40 U.S.C. §§ 276a to 276a-5, but was re-codified at 40 U.S.C. §§ 3141-3148 in 2002.

[2] Carrion also brought other claims in the District Court that are not relevant to this appeal.

## BACKGROUND

Carrion, who is of Puerto Rican descent, worked on and off as a laborer for Agfa beginning in February of 2009. Like many other construction companies, Agfa hires employees when work requires, and lays them off when they are no longer needed. Accordingly, Carrion was hired and laid off three times in 2009. Carrion subsequently brought suit against Agfa, claiming, *inter alia*, that, although he was rehired several times, Agfa discriminated against him in violation of § 1981 and various state laws by treating Asian Indians preferentially, and that Agfa denied him the "prevailing wage," to which he was assertedly entitled under Davis-Bacon.

As to his "prevailing wage" claim, Carrion argued that, as a third-party beneficiary to a construction contract between Agfa and the New York City Housing Authority, he was entitled to the "prevailing wage," as established by the Davis-Bacon Act.[3] The Davis-Bacon Act requires that construction contracts in excess of $2,000 to which the federal government is a party contain a provision stating the minimum wage that mechanics or laborers on the project will be paid.[4] 40 U.S.C. § 3142(a). That minimum wage must be based on so-called prevailing wage schedules,

---

[3] In fact, Carrion originally alleged that he had been denied the "prevailing wage in violation of New York Labor Law § 220." Joint App'x 15 ¶ 1. Section 220, commonly known as New York's "Little Davis-Bacon Act," provides for "prevailing wage[s]" for laborers, workers, and mechanics on public works projects in New York State. *See* N.Y. Labor Law § 220(3). Conceding that he had failed to exhaust his administrative remedies for his § 220 claim, Carrion argued in opposition to Agfa's motion for summary judgment that his prevailing wage claim could proceed under the third-party beneficiary theory or that he should be permitted to amend his complaint to add such a claim. Special App'x 690-91. The District Court rejected these arguments and granted summary judgment to Agfa on the prevailing wage claim for the reasons set out above.

[4] The Davis-Bacon Act, which was signed into law in 1931 by President Hoover, was intended as an economic recovery measure during the Great Depression, devised to prevent the increase in federally funded public construction projects from driving down local wages. *See* William G. Whittaker, Cong. Research Serv., RS 22288, Davis-Bacon Suspension and Its Legislative Aftermath 1-2 (2005). In particular, Congress observed that, given the degree of unemployment at the time, contractors were able to make low bids on large federal contracts by offering minimal wages to itinerant workers, thereby depressing wages in the area and, arguably, slowing economic recovery. *See id.* Accordingly, "[t]he [Davis-Bacon] Act was designed to protect local wage standards by preventing contractors from basing their bids on wages lower than those prevailing in the area." *Univs. Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 773 (1981) (internal quotation marks omitted). In simple terms, the Act requires the Secretary of Labor to set wages for workers on federal projects that do not undercut wages in the area where the work is to be done. As the Supreme Court put it, "the [Davis-Bacon] Act is a minimum wage law designed for the benefit of construction workers." *Id.* at 771 (quotation marks omitted).

4

determined by the Secretary of Labor to correspond to wages paid for similar projects in the same state. 40 U.S.C § 3142(b); *see also Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.*, 519 U.S. 316, 319 (1997) ("Since 1931, the Davis-Bacon Act . . . has required that the wages paid on federal public works projects equal wages paid in the project's locale on similar, private construction jobs.").

The District Court granted Agfa's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56,[5] as to Carrion's prevailing wage claim, on the basis that the claim was foreclosed by our holding in *Grochowski*, 318 F.3d at 86. In *Grochowski*, we addressed state-law contract claims brought by roofers and bricklayers on federally funded construction projects who argued that, as third-party beneficiaries to the contracts between their employers and the New York City Housing Authority, they had a right to prevailing wages. *Id.* at 83-84. We held that the Davis-Bacon Act does not "confer[] a private right of action on an aggrieved employee for back wages," *id.* at 85, and that state-law actions seeking to achieve the same goal were not permissible, *id.* at 86. Carrion's other claims proceeded to trial.

After a four-day trial, the jury found that Agfa had (1) discriminated against Carrion in its assignment of work and (2) failed to pay Carrion wages for all hours he had worked. However, the jury found that Carrion had failed to prove entitlement to compensatory damages for his discrimination claim, and awarded him $1 in nominal damages and $5000 in punitive damages.[6]

---

[5] In relevant part, Federal Rule of Civil Procedure 56 provides:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

[6] The jury also awarded $5,274 for unpaid wages. That award was reduced after trial, through remittitur, to $3,639.06. Carrion's claim for unpaid wages is at not at issue on appeal.

On November 9, 2011, the District Court issued a consolidated ruling on the parties' respective post-trial motions. As relevant here, the District Court granted in part Agfa's motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50,[7] and set aside the jury's award of punitive damages. The District Court also denied Carrion's motion for a new trial, raised pursuant to Federal Rule of Civil Procedure 59,[8] as to the damages on his discrimination claim. Carrion now appeals.

---

[7] In relevant part, Federal Rule of Civil Procedure 50 provides:

**(a) Judgment as a Matter of Law.**

**(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

**(A)** resolve the issue against the party; and

**(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

**(2) *Motion.*** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

**(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:

**(1)** allow judgment on the verdict, if the jury returned a verdict;

**(2)** order a new trial; or

**(3)** direct the entry of judgment as a matter of law.

[8] In relevant part, Federal Rule of Civil Procedure 59 provides:

**(a) In General.**

**(1) *Grounds for New Trial.*** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

**(A)** after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

**(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**DISCUSSION**

We review *de novo* both an order granting summary judgment pursuant to Rule 56 and an order granting judgment as a matter of law pursuant to Rule 50. *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011). "Summary judgment may be granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "Judgment as a matter of law may be entered against a party only if 'a reasonable jury would not have a legally sufficient basis to find for [a] party on that issue.'" *Id.* (quoting Fed. R. Civ. P. 50(a)). Finally, "we review for abuse of discretion a district court's denial of a motion for a new trial pursuant to Rule 59." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion" and noting that a district court is said to "abuse its discretion" if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)).

**A. Prevailing Wage Claim**

First, Carrion argues that the District Court erred in granting summary judgment as to his prevailing wage claim because "[i]t is questionable whether [*Grochowski*] remains good law; it is, in any event, erroneous and should either be overruled or limited to its particular facts." Appellant Br. 10. In other words, Carrion does not contest the District Court's conclusion that *Grochowski* forecloses his prevailing wage claim. Rather, he thinks that we should simply ignore or overrule controlling precedent.

As we have previously explained, we "are bound by the decisions of prior panels [of this Court] until such time as they are overruled either by an en banc panel of our Court or by the

7

Supreme Court." *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). Carrion contends that

we must reevaluate *Grochowski* because the New York Court of Appeals reached a contrary

conclusion in *Cox v. NAP Construction Co.*, 10 N.Y.3d 592, 604 (2008). However, a New York

court's differing view of the preemptive scope of federal law does not allow, much less require, a

panel of our Court to reconsider our controlling precedent, and we detect no other reason to revisit

our conclusion in *Grochowski*. Indeed, we note that the Supreme Court referred to our analysis in

*Grochowski* approvingly in an analogous decision where it determined that plaintiffs could not sue as

third-party beneficiaries of contracts under the Public Health Services Act, 42 U.S.C. § 256b. *Astra

USA, Inc. v. Santa Clara County, Cal.*, 131 S. Ct. 1342, 1348 (2011).

As the District Court correctly held, *Grochowski* bars Carrion's theory of recovery, and we

therefore affirm its dismissal of his prevailing wage claim. *See Grochowski*, 318 F.3d at 86 ("To allow

a third-party private contract action aimed at enforcing those wage schedules would be inconsistent

with the underlying purpose of the legislative scheme and would interfere with the implementation

of that scheme to the same extent as would a cause of action directly under the statute." (internal

quotation marks omitted)).

### B. Punitive Damages

Second, Carrion contends that the District Court erred in setting aside the jury's award of

punitive damages. We have explained that punitive damages are available under Title VII "where an

employer discriminates or retaliates against an employee with 'malice' or 'reckless indifference' to the

employee's federally protected rights." *Tepperwien*, 663 F.3d at 572 (quoting *Kolstad v. Am. Dental

Ass'n*, 527 U.S. 526, 534 (1999)). "A plaintiff can satisfy this burden by presenting evidence that the

employer discriminated (or retaliated) against him with conscious knowledge it was violating the law,

or that it engaged in egregious or outrageous conduct from which an inference of malice or reckless

8

indifference could be drawn." *Id.* at 573 (internal quotation marks omitted). Upon a review of the record, we agree with the District Court's conclusion that "[t]here is no evidence by which a jury could reasonably conclude that defendant's conduct was driven by an evil motive or intent, or that it involved a reckless or callous indifference to plaintiff's federally protected rights." Special App'x 706-07. Accordingly, substantially for the reasons given by the District Court in its Memorandum Decision and Order of November 9, 2011, we affirm the order of the District Court granting Agfa's motion for judgment as a matter of law as to Carrion's claim for punitive damages.

## C. Compensatory Damages

Third, Carrion argues that the District Court should have granted his motion for a new trial on damages because, in his view, the jury's failure to award compensatory damages was irrational and contrary to evidence. A district court may properly grant a motion for a new trial following a jury verdict when "the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012) (alteration and quotation marks omitted). On the record before us, we detect neither a seriously erroneous result nor a miscarriage of justice. Rather, as the District Court pointed out, the jury could have reasonably concluded that Carrion had not proven actual damages as a result of Agfa's discriminatory conduct. We therefore conclude that the District Court did not err, let alone "abuse its discretion," in denying Carrion's motion for a new trial as to damages.

9

## CONCLUSION

To summarize:

(1)     Our decision in *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003) is the controlling law of this Circuit and forecloses Carrion's third-party beneficiary contract claim, grounded in the Davis-Bacon Act, for failure to pay prevailing wages.

(2)     The District Court did not err in setting aside, pursuant to Federal Rule of Civil Procedure 50, the jury's award of punitive damages.

(3)     The District Court did not err, let alone "abuse its discretion," in denying Carrion's motion for a new trial as to damages on his discrimination claim.

The November 21, 2011 amended judgment of the District Court is **AFFIRMED**.