*Cortese v. Skanska Koch, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand and twenty-three.

Present:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> > *Circuit Judges,*[*]

---

ANTHONY CORTESE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARILY SITUATED, JAMES KEARNEY, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARILY SITUATED, DANIEL JULIO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARILY SITUATED, MARK LEYBLE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARILY SITUATED, JEFFREY BROOKS, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARILY SITUATED, AND JOHN SICILIANO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

> *Plaintiffs-Appellants,*

> v.                                                                   21-473

---

[*] Judge Rosemary S. Pooler, originally a member of the panel, died on August 10, 2023. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458–59 (2d Cir. 1998).

SKANSKA KOCH, INC., KIEWIT INFRASTRUCTURE CO.,
AND SKANSKA KOCH-KIEWIT JV,

*Defendants-Appellees.*

For Plaintiffs-Appellants:     BOB KASOLAS, Brach Eichler LLC, Roseland, NJ.

For Defendants-Appellees:     GREGORY R. BEGG, Peckar & Abramson, P.C.,
                              (Michael J.P. Schewe, *on the brief*), River Edge, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiffs-Appellants were members of New Jersey-based labor unions when they worked between 2014 and 2019 on the renovation of a bridge between New York and New Jersey (the "Project"). Defendants-Appellees were general contractors for the Project and parties to collective bargaining agreements with Plaintiffs' respective unions.

Defendants entered into a contract with the Port Authority of New York and New Jersey ("the Construction Agreement") to serve as contractors for the Project. The Construction Agreement requires Defendants to pay the "workmen, laborers and mechanics" on the Project "at least the prevailing rate of wage and supplements for others engaged in the same trade or occupation in the locality in which the Work is being performed as determined by the [Project's] Engineer." App'x at 100 ¶ 22. The

2

Construction Agreement further states "[f]or the purposes of this Contract, the Engineer has determined that the *prevailing rates of wage and supplements* are those established by the Secretary of Labor of the United States pursuant to the Davis-Bacon Act (40 U.S.C. [§] 276a) for the locality in which the Work is to be performed." App'x at 161 (emphasis added).

Plaintiffs allege that, while working on the Project, they and other members of their New Jersey-based unions worked straight and overtime hours on both the New York and New Jersey sides of the bridge. For all their work on both sides of the bridge, Defendants paid Plaintiffs at the rates set by their New Jersey unions' respective collective bargaining agreements. Plaintiffs maintain that Defendants violated the terms of the Construction Agreement as well as the wage and overtime provisions of the FLSA and the NYLL by failing to pay the class members at least the applicable Davis-Bacon Act prevailing rate for work they performed on the New York side of the Project.[1]

As relevant here, Plaintiffs subsequently brought claims on behalf of themselves and others similarly situated for overtime violations under the Fair Labor Standards Act

---

[1] Plaintiffs throughout this litigation have inconsistently framed their claims as seeking to recover compensation equal to the New York unions' collectively bargained-for wages, Davis-Bacon Act wages, and/or both. At oral argument, however, Plaintiffs' counsel stated that the New York union rate could be the same as the applicable Davis-Bacon rate and that, in any event, the Construction Agreement guarantees at minimum the Davis-Bacon rate. Having likewise found nothing in the record to support a claim for another union local's wages, we limit our analysis only to the portion of Plaintiffs' claim seeking to recover prevailing wages and supplements as established pursuant to the Davis-Bacon Act, as provided for in the Construction Agreement.

3

("FLSA"), 29 U.S.C. § 207 (count one) and New York Labor Law ("NYLL"), (count two); failure to timely pay wages in violation of NYLL § 191 (count three); failure to provide required wage notices and wage statements in violation of NYLL § 195(3) (count four); and breach of contract as intended third-party beneficiaries of the Construction Agreement (count five).[2]

The district court granted Defendants' motion to dismiss with prejudice. Defendants—both below and on appeal—present a curious defense. They maintain that because they agreed to the Construction Agreement's prevailing wage and supplement provision without first negotiating with Plaintiffs' unions, the Construction Agreement and any enforcement of it amounts to a unilateral change to Plaintiffs' collectively bargained-for wages. This, they claim, is arguably an unfair labor practice (on their part) and requires dismissal on preemption grounds under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq*, and the framework established in *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959) ("*Garmon*"). The district court agreed and dismissed counts one through five as preempted or precluded under the NLRA. Alternatively, the district court concluded that Plaintiffs' FLSA and

---

[2] Plaintiffs also brought claims for failure to pay irregular shift differential wages (count six) and NYLL Article 6 violations for irregular shift differential wages (count seven). Because Plaintiffs do not meaningfully brief any challenge to the district court's dismissal of these counts, partial dismissal of Plaintiffs' FLSA claims as barred by the statute of limitations, or refusal to certify a FLSA collective action, they have abandoned any potential challenge to these rulings. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

NYLL overtime claims failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's dismissal under Rule 12(b)(6), taking as true the complaint's factual allegations "and drawing all reasonable inferences in the plaintiffs' favor." *Loginovskaya v. Batratchenko*, 764 F.3d 266, 269–70 (2d Cir. 2014). Although we disagree with much of the district court's reasoning in this convoluted case, we nonetheless agree with its disposition.

## I. *Garmon* **Preemption**

Under *Garmon*, "federal courts must defer to the exclusive competence" of the National Labor Relations Board ("NLRB") whenever "an activity is arguably subject to Section 7 or Section 8" of the NLRA. 359 U.S. at 245. "Sections 7 and 8 of the [NLRA] regulate concerted activities and unfair labor practices, respectively, [and] seek[] to protect the former and stamp out the latter." *Bldg. Trades Emps.' Educ. Ass'n v. McGowan*, 311 F.3d 501, 508 (2d Cir. 2002) (internal quotation marks omitted). As relevant here, "an employer commits an unfair labor practice if, without bargaining to impasse, it effects a unilateral change of an existing term or condition of employment." *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 198 (1991).

The district court, in disposing of Plaintiffs' claims, relied on the flawed proposition that simply enforcing the Construction Agreement could be a unilateral

5

change to Plaintiffs' compensation and therefore might arguably be an unfair labor practice. Assuming without deciding that Plaintiffs' New Jersey-based collective bargaining agreements apply to work they performed on the New York side of the Project,[3] we disagree.

The parties have done a very poor job of framing the issues here; their efforts in providing relevant documents with regard to the dispute are equally wanting. The record does not contain a complete copy of the Construction Agreement; nor do the parties ever specifically lay out whether it was governed by the federal Davis-Bacon Act, 40 U.S.C. § 3141, *et seq.*, or comparable state statutes, *see* N.Y. Labor Law § 220; N.J. Stat. Ann. § 34:11-56.27(a). Neither, however, would implicate *Garmon* on these facts.[4]

---

[3] Plaintiffs below attempted to defend against *Garmon* preemption by asserting that their New Jersey-based collective bargaining agreements do not cover work in the New York county where the Project was located. Without an applicable collective bargaining agreement, their theory goes, there could be no unilateral change, and no *Garmon* preemption. The district court did not fully engage with the geographic jurisdiction of the collective bargaining agreements, and rejected Plaintiffs' argument in a footnote because it was not pleaded in their complaint. This was erroneous; preemption is an affirmative defense, *see Int'l Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 399 (1986), and Plaintiffs were not obligated to anticipate Defendants' possible defenses when pleading their complaint.

[4] Since the Project encompasses a bridge between two states and the Construction Agreement sets prevailing wages and supplements pursuant to the Davis-Bacon Act, it would be odd indeed if the Davis-Bacon Act did *not* govern here. *See* 29 C.F.R. § 5.5(a). Assuming the Davis-Bacon Act does govern, then Plaintiffs' breach of contract claim likewise requires dismissal because a plaintiff may not use a claim for state-law breach of contract, as third-party beneficiary, to circumvent the prohibition against privately enforcing the prevailing wage schedules contained in the Davis-Bacon Act. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 84–87 (2d Cir. 2003); *Carrion v. Agfa Const., Inc.*, 720 F.3d 382, 386 (2d Cir. 2013).

6

The Construction Agreement guaranteed workers on the project minimum compensation—"the prevailing wage and supplements." App'x 161. It did not set terms and conditions for workers on the Project, but rather simply mandated that Defendants would abide by minimum compensation standards required under the law. Complying with valid state and federal statutes that are not themselves preempted or precluded by the NLRA does not, without more, trigger *Garmon* preemption. *See, e.g.*, *Gen. Elec. Co. v. New York State Dep't of Lab.*, 891 F.2d 25, 27 (2d Cir. 1989) (holding that the NLRA does not preempt NYLL 220); *Int'l Brotherhood of Elec. Workers, Local 48, AFL-CIO*, 332 N.L.R.B. 1492, 1500 (2000) ("The Labor Department and the courts, not the Board, have the responsibility to enforce the Davis-Bacon Act."). The district court therefore erred in holding that *Garmon* preempted counts two through five.

We cannot say that the NLRA, a federal statute, "preempts" Plaintiffs' count one claim under the FLSA, another federal statute. *See Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 86 (2d Cir. 2006). Rather, in some cases, one federal statute may "preclude" a cause of action under another. *See, e.g.*, *id.* Because Plaintiffs' FLSA claim is derived from the same factual basis as counts two through five, we similarly hold that *Garmon* does not preclude adjudication of Plaintiffs' FLSA claim under count one.

## II. Failure to State a Claim

Plaintiffs also argue that the district court erred when, in the alternative, it dismissed their FLSA and NYLL claims for failure to state a claim; they contend they

sufficiently alleged uncompensated work in New York. We are unpersuaded and affirm the judgment of the district court on counts one through five.

Within our Circuit, "in order to state a plausible FLSA [and NYLL] overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). This pleading standard "was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When applying this standard, we do not "require[] plaintiffs to keep careful records and plead their hours with mathematical precision," so long as the plaintiffs draw on their "memory and experience . . . in providing complaints with sufficiently developed factual allegations." *Id*.

The district court correctly concluded that the operative third amended complaint's allegations regarding hours worked did not include enough facts to state a claim for relief. *See, e.g.*, App'x at 103–05 ¶¶ 45, 48, 50, 52, 54, 56 (Cortese and other workers "performed work, including straight time and overtime, on the New York City side of the Bayonne Bridge"); ¶ 42 (Iron worker Plaintiffs "worked on both the New Jersey and New York City sides of the Bayonne Bridge span, but if they worked on the New York City side of the Bayonne Bridge span, they were only paid at least equal to New Jersey prevailing wages for work performed on the New York City side of the

8

Bayonne Bridge span."). Though Plaintiffs maintain that there is no dispute regarding the number of overtime hours worked, they were still required to adequately plead more than vague allegations about straight and overtime worked. And since Plaintiffs' remaining claims in counts three through five are all predicated on the same bare factual allegations they put forth about the hours they worked, these claims also fail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (counseling against reliance on "labels and conclusion," or "naked assertion[s]" absent "further factual enhancement").

We also reject Plaintiffs' argument that the district court's dismissal with prejudice was an abuse of discretion. The district court denied Plaintiffs leave to amend on futility grounds after concluding Plaintiffs could not plead their way around preemption. Though we hold that *Garmon* preemption does not apply here, the district court's denial was not an abuse of discretion. The court dismissed Plaintiffs' state and federal wage claims in the alternative based on the insufficiency of Plaintiffs' factual allegations. Plaintiffs amended their complaint on three prior occasions but with each amended complaint, Plaintiffs failed to allege additional facts sufficient to overcome a motion to dismiss. The district court's decision was not an abuse of discretion. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

We have considered Plaintiffs' remaining arguments and find them to be without

merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk